### Hickok & Catlin *v.* Luther M. Stevens & Co.

Where two members of a firm executed to a third person a bill of sale of their interest in certain enumerated articles of personal property belonging to the firm; and a clause was added, expressing the intention to be to sell all the interest of the two " in the articles of personal property " of the firm, it was held, that the latter clause had reference to the articles before enumerated and was limited to them.

Where property was left in possession of a firm to be sold, and to account for the proceeds, and they resisted the claim of the owners to be allowed for the property, in an action on book account, upon the ground that they had acquired the title to the property by purchase from the owners, it was held sufficient evidence, to justify the inference of a refusal to deliver or account for the property, and so to entitle the owners to recover its value in the action on book account.

Book Account. The only question made in the case in this court was in relation to an item of $15,00, allowed by the auditor to the defendant, for lumber, in reference to which the facts appeared to be as follows. The defendants' firm, consisting of Luther M. Stevens, David Read and John Wheeler, had at different times delivered to the plaintiffs certain lumber, to be sold by the plaintiffs and the proceeds to be accounted for; and, at the time of the dissolution of the firm, in November, 1840, the lumber charged, being a portion of that so delivered, was in possession of the plaintiffs. The plaintiffs resisted the defendant's claim to payment for the balance thus remaining, upon the ground that the defendants Reed and Wheeler had transferred their interest in the same to the plaintiff Hickok; and the determination of this point rested upon the construction to be given to a bill of sale, executed by Reed and Wheeler to Hickok on the day of the dissolution of the firm of L. M. Stevens & Co. This bill commenced in these words,—" Henry P. Hickok bought of David Reed and John Wheeler two thirds of the following articles." Then followed a list of articles of personal property, with the price annexed to each; but the lumber was not mentioned;—and the bill was concluded in these words,—" Received payment in full for the above two thirds of enumerated articles (meaning thereby to sell all our interest in the articles of personal property of L. M. Stevens & Co., of Underhill,) by an obligation " &c.

The county court,—Bennett, J., presiding,—accepted the report of the auditor, allowing this item; to which decision the plaintiffs excepted.

*Hickok & Peck* for plaintiffs.

1. The lumber in question, though not among the enumerated articles in the bill of sale, is yet conveyed by the subsequent general clause. *Lyman* v. *Clark*, 9 Mass. 235. Lofft 398. 3 Mod. 377. *Gray* v. *Clark et al.*, 11 Vt. 585. *Hull* v. *Fuller*, 7 Vt. 100. *Gates* v. *Lewis*, 7 Vt. 511. 2 Caine 327. *Hesse* v. *Stevenson*, 3 B. & P. 565. *Goodtitle* v. *Southard*, 1 M. & S. 299. 5 Com. Dig., Tit. *Parols* A 19. 2 Rol. Ab. 7.

2.   The lumber, as the facts are found by the auditor, could not properly be charged on book account.   The plaintiffs did not purchase it, but received it to sell on commission and account for the proceeds.

*Shafter and Peck* for defendants.

The words, " meaning thereby to sell all our interest in the articles of personal property of L. M. Stevens & Co., of Underhill," are words of reference to the previous recital, and not of grant.   The express and particular words of enumeration and recital, the specification and reference in the receipt for payment, cannot be controlled and enlarged by so vague and general an expression of parenthesised " meaning " and intent,—the rule being, that, " where there is a particular recital in connection with general words, the general words shall be qualified by the special words."   *Thorpe* v. *Thorpe,* 1 Ld. Raym. 235.   *Altham's Case,* 8 Co. 150.   *Moore* v. *Magrath,* Cowp. 9.   *Doe* v. *Burt,* 1 T. R. 701.   *African Co.* v. *Mason,* cited in 1 Str. 227.   Bac. Ab., Release K.   *Pearsall* v. *Summersett,* 4 Taunt. 592.   *Co. Liverpool W. Works* v. *Atkinson,* 6 East 507.   *Hesse* v. *Stevenson,* 3 B. & P. 565.   *Lyman* v. *Clarke et al.,* 9 Mass. 234.   The position of the words does not affect the construction.   *Boston Hat Manf.* v. *Messinger,* 2 Pick. 223.   *Amherst Bank* v. *Root et al.,* 2 Met. 522, 536.   *Lampon* v. *Corke,* 5 B. & Ald. 606.   *Cutler* v. *Tufts,* 3 Pick. 272.   *Payler et al.* v. *Hamersham,* 4 M. & S. 423.   *Gilman* v. *Smith,* 12 Vt. 150.   *Stupels* v. *Buller,* Hob. 174.   Story's Cont. 168, (n. 3.)   *Goodtitle* v. *Southard,* 1 M. & S. 299.   *Smith* v. *Strong,* 14 Pick. 128.   Greenl. Ev. 363.

The opinion of the court was delivered by

KELLOGG, J.   The only questions made in the case, at the hearing in this court, arise upon the allowance to the defendants of an item of fifteen dollars for a quantity of lumber, which the auditor finds was in the plaintiffs' hands at the dissolution of the copartnership of the defendants.   This allowance the plaintiffs insist was wrong.

1.   They insist, that in the sale from Wheeler and Read to Hickok this property was transferred, and if this be true, then this

15

objection is certainly well founded; and we are referred to the bill of sale, as furnishing evidence of the fact. The bill of sale purports to convey certain articles of property, therein particularly enumerated and described, with the estimated value of each thereto affixed; but among the articles so enumerated the lumber in question is not to be found. The plaintiffs, however, rely upon the general clause in the concluding part of the bill of sale, as being sufficiently broad and comprehensive to convey the property in question. The clause relied upon is in these words,—"Received payment in full for the above two thirds of enumerated articles, (meaning thereby to sell all our interest in the articles of personal property of L. M. Stevens & Co. of Underhill.") The words included in the parenthesis, when taken in connection with the other parts of the instrument, are obviously, we think, words of description and not of grant, and cannot, by any fair rule of interpretation, be regarded as enlarging, or extending, the operation of the bill of sale. They have reference to the articles before enumerated in the instrument and are limited by them. It does not appear, that the parties had any property in contemplation, except what is specified in the bill of sale, nor can we find any evidence in the case, warranting the conclusion, that any sale of the lumber in question was made by Wheeler and Read to Hickok. Consequently this exception cannot prevail.

2. It is farther insisted by the plaintiffs, that, if the bill of sale does not amount to a sale of the lumber in question, yet, that the defendants are not entitled to recover for it in this action.

It appears from the report of the auditor, that the plaintiffs, at the hearing before him, resisted this item of the defendants, account *solely* upon the ground, that, in the sale and transfer of property from Wheeler and Read to Hickok, the lumber in question passed to Hickok; and the same has been urged on the hearing in this court. This, we think, furnishes satisfactory evidence of an *unwillingness* on the part of the plaintiffs to account for the property, and even sufficient to justify the inference of a *refusal* to deliver or account for it. If we are correct in this conclusion, the defendants were clearly entitled to recover for the lumber in this suit.

The result is, that we do not find error in the judgment of the county court, and the same is therefore affirmed.